UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL S. GLADYSZ AND : | |
| PAMELA J. GLADYSZ, : | |
|     Plaintiff, : | 3:16-CV-0917 (VLB) |
| : | |
| v. : | |
| : | |
| LIBERTY MUTUAL FIRE INSURANCE, : | April 10, 2018 |
| COMPANY : | |
|     Defendant. : | |

## ORDER ADMINISTRATIVELY CLOSING CASE

Plaintiffs Paul and Pamela Gladysz initiated the instant action on June 13, 2016, alleging Defendant Liberty Mutual Fire Insurance Company wrongfully denied their insurance claim for coverage relating to their property's deteriorating concrete. For the reasons set forth below, this action is administratively closed pending the Connecticut Supreme Court's decision concerning what constitutes "substantial impairment" of the structural integrity of a building.

The parties have brought to this Court's attention a similar case, *Vera v. Liberty Mutual Fire Insurance Company*, 3:16-cv-72, currently pending before Judge Chatigny. In both *Vera* and the instant action, the plaintiffs hired William Neal, P.E., to evaluate their property's foundation. In *Vera*, Mr. Neal wrote in his evaluation that the property's basement walls were "beginning to lose their structural integrity and corrective action is necessary." [*Vera*, Dkt. 46-3 (*Vera* Evaluation) at 2.] In the instant action, Mr. Neal wrote in his evaluation that the property's basement walls "are structurally unsound and corrective action is necessary." [*Gladysz*, Dkt. 27-4 (*Gladysz* Evaluation) at 1.]

1

Mr. Neal was deposed in connection with *Vera* and this action on the same day. [*Vera*, Dkt. 46-7 (*Vera* Dep.) at 7.] Mr. Neal testified that the Vera's foundation walls had "spider web cracking" the largest of which was "probably around one sixteenth of an inch, maybe smaller, with one exception where the crack does appear to be a little bit wider." *Id*. at 13-14. He testified that the walls were not bowing. *Id*. at 15. Mr. Neal opined that the property was still save to live in, and he did not advise the Veras to move out of their home for safety reasons. *Id*. at 23. Mr. Neal did not advise the Veras to shore up their walls, and they have not done so. *Id*. at 26. Mr. Neal could not estimate whether the Vera's property would present an unsafe condition within the next 100 years. *Id*. at 33-34.

Mr. Neal gave similar testimony in connection with this case. Mr. Neal testified that the Gladysz's foundation walls have "spider web cracks" approximately one quarter of an inch wide. [*Gladysz*, Dkt. 27-8 (*Gladysz* Dep.) at 18.] He testified that the Gladysz's foundation walls were bulging inward by one inch and explained that he would not counsel clients to vacate the house until bulging reached four inches. *Id*. at 20, 28. Mr. Neal testified that the Gladysz's property was still safe to live in, and he did not advise the Gladysz's to vacate their home. *Id*. at 28, 33, 46. He did not advise the Gladysz's to shore up their walls, and they have not done so. [*Id*. at 45-46; *Gladysz*, Dkt. 27-28 at 33.] Mr. Neal testified that he could not estimate whether the Property's foundation would collapse within the next 100 years. [*Gladysz* Dep. at 30-31.]

Both *Veras* and *Gladysz*, concern Liberty Mutual Fire Insurance Company insurance policies with the same relevant language. Both policies provide

2

coverage for "direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following . . . (b) Hidden decay . . . or (f) Use of defective material or methods in construction, remodeling or renovation." [*Gladysz*, Dkt. 27-1 (*Gladysz* Policy) at 11, § 8; *Veras*, Dkt. 46-1 at 11, § 8.] Neither policy includes a definition for "collapse," but each excludes loss to a "foundation . . . unless the loss is a direct result of the collapse of a building," and excludes "settling, cracking, shrinking, bulging or expansion." *Id.*

In addition to *Veras* and *Gladysz*, Judge Underhill is currently considering another action concerning deteriorating concrete, although it is less similar to the instant action than *Veras*. In *Karas v. Liberty Insurance Corp.*, 3:13-cv-1836, plaintiffs hired David Grandpre, P.E., to evaluate their property's foundation, and Mr. Grandpre opined that the Karas' foundation walls "are the worst [he's] seen in any of the[] cracked foundations" he's handled. *Id.* at 60. Mr. Grandpre testified that the Karas' foundation walls have "map cracking" and testified that they were "severely cracked," although he could not estimate the size of the cracks. [*Karas*, Dkt. 59-5 (*Karas* Dep.) at 16, 33, 54.] Mr. Grandpre testified that the Karas' walls were "bowing or bulging inward about 2 inches." *Id.* at 54. He recommended that the Karas add shoring to brace their basement walls and the Karas did so within two weeks of receiving that advice. *Id.* at 16-17. Mr. Grandpre testified that the Karas' home was safe to live in and they did not need to relocate because of the additional shoring. *Id.* at 55. Mr. Grandpre could not estimate when the Karas' foundation walls would fall down, but opined that they would fall

within the next hundred years.  *Id*. at 59-60.  The policy at issue in *Karas* includes the same collapse provision present in *Veras* and *Gladysz*.  [*Karas*, Dkt. 59-1 (*Karas* Policy) at 10, § 8.]

The Court is aware that in *Veras* and *Karas*, Judge Chatigny and Judge Underhill are considering motions to certify to the Connecticut Supreme Court questions concerning the definition of "substantial impairment to the structural integrity" of a building, and that Judge Chatigny in particular expects to grant the motion filed in *Veras*.

The "substantial impairment" standard which is the subject of the question for certification arises from *Beach v. Middlesex Mutual Assurance Co.*, 205 Conn. 246, 252 (1987), in which the Connecticut Supreme Court determined that, where an insurance policy does not include a definition of "collapse," collapse occurs when there is "substantial impairment to the structural integrity" of a building. The Court notes that the instant action is clearly distinguishable from *Beach*.  *See Beach*, 205 Conn. at 248-49 (finding collapse in more severe conditions than those at issue here: a crack in the foundation wall had reached a width of nine inches, wooden support beams on top of the foundation had pulled apart, a foundation wall had tipped over, and the property was "in imminent danger of falling over").  However, the Court finds that deferral of decision on the pending motion for summary judgment in this action is warranted by the likely clarity a Connecticut Supreme Court ruling will provide.

Insofar as the Court cannot adjudicate this case until the Connecticut Supreme Court rules on the question to be certified, this case is closed without

prejudice to either party moving to reopen within 90 days of a ruling of the Connecticut Supreme Court.

The Clerk is directed to administratively close this file.

IT IS SO ORDERED.

                                                                                               /s/_____
                                                    Hon. Vanessa L. Bryant
                                                    United States District Judge

Dated at Hartford, Connecticut: April 10, 2018